## THIRD DEPARTMENT, JANUARY, 1965

### (January 5, 1965)

■ RAYMOND GROWER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39138.) CHARLES GROWER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39139.) — AULISI, J. Appeal from two judgments entered in the office of the Clerk of the Court of Claims on June 1, 1964, which awarded to each of the claimants $2,500 and interest as compensatory damages for the publication of a libel. Claimants, two brothers, were charged with petit larceny for the theft of a deer carcass which another hunter had allegedly shot and dressed. A jury convicted them of the misdemeanor and each was given a 60-day suspended sentence. Thereafter, in the February-March 1961 issue of "The Conservationist", an official publication of the New York State Conservation Department, on page 41 under "Letters to the Editor", there appeared four letters exchanged between the Assistant District Attorney of Herkimer County who prosecuted the claimants and the counsel for the Conservation Department. These letters named the claimants, enumerated their alleged acts and told of their subsequent conviction. They were introduced under a heading "Justice" by the following editorial comment or heading: "The following exchange of letters between Henry D. Blumberg, Assistant District Attorney, Herkimer County, and Charles J. LaBelle, Counsel for the Conservation Department, describes the successful prosecution of two hoodlums in hunting clothes. Masquerading under the name of sportsmen, they are the kind who undermine the confidence of the public in general and of the landowners in particular in those who go afield to hunt and fish. We wish to com-

mend the Herkimer County District Attorney's office and the members of the jury in this case for bringing the guilty to such swift justice.— Editor." No special damages were alleged, although $20,000 was asked by each claimant because the statements were false, defamatory, and libelous, and were intended to disgrace claimants and injure their reputations by exposing them to public hatred, contempt, scorn, obloquy and shame. The trial court found the characterization of "hoodlum" to be libelous per se, thus eliminating the need to prove special damages (*Mencher* v. *Chesley*, 297 N. Y. 94, 100). The trial court then found that an isolated misdemeanor conviction was insufficient to brand claimants as "hoodlums" and therefore exceeded the bounds of fair comment. It is the State's contention that the evidence adduced by the claimants established the defense of fair comment. The law of libel recognizes fair comment as a complete defense to a charge of libelous publication (*Julian* v. *American Business Consultants*, 2 N Y 2d 1). The test is whether the facts form a reasonable basis for inference and the comment thereupon made. A comment is fair if based on a true statement of the facts, it is free from actual malice and ill will and is an honest expression of the writer's real opinion or belief (*Julian* v. *American Business Consultants, supra*, p. 8; *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Pubs.*, 260 N. Y. 106, 118–119; *Hoeppner* v. *Dunkirk Print. Co.*, 254 N. Y. 95, 105–106). The contested statements before us are editorial in nature, are labeled as such and claimants do not dispute this fact. The editor had before him four letters which showed that claimants had been convicted of stealing a deer carcass and although they claimed they had shot the deer there was no record of compliance with the requirement that a deer report tag be filed with the Conservation Department in Albany (Conservation Law, § 234, subd. [1], par. [a]). The question, therefore, becomes whether or not the comment was reasonable, i.e., it is not actionable if the facts form a reasonable basis of inference (*Julian* v. *American Business Consultants, supra*; *Foley* v. *Press Pub. Co.*, 226 App. Div. 535). The mere circumstance that the comment is exaggerated or that someone else may believe the comment logically unsound or that it is at variance with someone else's opinion does not render it unfair. "It suffices that a reasonable man may honestly entertain such opinion on the facts found by the jury to be true, that the writer did so entertain it and expressed it without malice." (*Foley* v. *Press Pub. Co., supra*, p. 547.) We believe that upon the circumstances of this case the claim of fair comment is a complete defense. The fact that claimants were convicted of stealing the property of another hunter is undisputed. It does not, therefore, seem unreasonable to us that a certain segment of the community might honestly be of the opinion that such people are "hoodlums". The persons who read "The Conservationist" are interested in hunting and fishing and claimants' particular offense and its effect upon the editor and his readers make it of special concern to them. The trial court devoted part of its opinion to a definition of the word "hoodlum". However, we believe that the exact connotation placed on the term by many people varies widely from its dictionary definition. The comment when read in context and based upon the facts is a reasonable inference to which the claimants subjected themselves by their lawless conduct. Judgments reversed, on the law and the facts, and claims dismissed, without costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.